IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Christal Caudill, Trustee,**<br><br>vs.<br><br>**Bruce D. Burrows,** *et al.*, | Civil Action No. 2:08-288<br>Judge Sargus<br><br>Magistrate Judge Abel |
| **In the Matter of:**<br><br>    **Oasis Corporation,** *et al.*, | Case No. 05-65895<br>(Jointly Administered) |
| **Christal Caudill, Trustee,**<br><br>vs.<br><br>**Bruce D. Burrows,** *et al.*, | Adv. Proc. No. 2:07-AP-02772<br><br>The Honorable Charles M. Caldwell<br><br>JURY TRIAL DEMANDED |

## STIPULATED PROTECTIVE ORDER

      Plaintiff Christal Caudill, Trustee ("Plaintiff") and Defendants Bruce D. Burrows, Paul Abelman, David Adams, Peter Benua, Thomas R. Benua, Jr., Mark J. Blackstone, Michelle L. Bohan, Romaine Gilliland, Christopher Guerreri, Robert Kerrigan, Robert Pardo, Edward Russell, Anthony Salamone, Jeffrey Scheinrock, Frederick Stern, James Stevens, John Wallace, Marcus Adams Capital LLC, MA Collateral Holdings I LLC, MA Capital Holdings I LLC, MA Real Property Holdings I LLC, MA 265 North Hamilton Road LLC, MA Equipment Leasing I

1

LLC, MA 2844 Anza Drive LLC, MA 25555 West Avenue Stanford LLC and MA 3217 North Pulaski Road LLC ("Defendants" and with Plaintiff herein collectively the "Parties" and each a "Party"), recognize that some of the documents and information which have been and may be produced in the captioned proceedings may include confidential, private and/or proprietary technical, commercial, business, personnel and/or financial information, or other confidential research, development or commercial information. Nothing contained herein shall be deemed or construed to waive Plaintiff's claims or arguments that certain Defendants as defined herein (namely David Adams, Robert Kerrigan, Robert Pardo, and John Wallace for the District Court litigation action, Civil Action No. 02:08-00288, and Marcus Adams Capital LLC, MA Collateral Holdings I LLC, MA Capital Holdings I LLC, MA Real Property Holdings I LLC, MA 265 North Hamilton Road LLC, MA Equipment Leasing I LLC, MA 2844 Anza Drive LLC, MA 25555 West Avenue Stanford LLC, and MA 3217 North Pulaski Road LLC for the Bankruptcy Court litigation action, Adversary Proceeding No. 07-2772) are not parties to each Litigation action, or any Defendant's claims or arguments contra. To preserve the confidentiality of such information, each Party, through their respective undersigned counsel, agrees to limit the use and disclosure of information as follows, subject to the approval of the Court:

1. Any information or materials produced or disclosed by any Party or nonparty in connection with that certain litigation commenced by Plaintiff against Defendants on August 31, 2007 and currently pending in the United States District Court for the Southern District of Ohio, Civil Action No. 02:08-00288 before the Honorable Edmund A. Sargus, Jr., and in the United States Bankruptcy Court for the Southern District of Ohio, Adversary Proceeding No. 07-2772 before the Honorable Charles M. Caldwell (collectively, the "Litigation") may be designated by

such Party or nonparty as "Confidential" pursuant to the terms of this Stipulated Protective Order.

2. As a general guideline, information or materials designated as "Confidential" shall be those things that may be disclosed to the Parties for the purposes of the Litigation, but which must be protected against disclosure to third parties. Examples of such information or materials include materials a Party reasonably and in good faith believes contain or disclose information that the Party, in the ordinary course of business, does not or would not publicly disclose, or information that a Party is under a preexisting obligation to maintain as confidential. Absent a specific order by this Court, information designated as "Confidential" shall be used by the Parties and their counsel solely in connection with this Litigation, and not for any purpose or function, or any other litigation, and such information shall not be disclosed to anyone except as provided herein.

3. The designation of information or material as "Confidential" for purposes of this Stipulated Protective Order shall be made in the following manner by the Party or nonparty seeking protection:

> (a) in the case of documents, exhibits, briefs, memoranda, declarations, responses to written discovery or other materials (apart from depositions or other pretrial or trial testimony): by affixing the legend "Confidential" to each page containing any confidential information or material.
>
> (b) in the case of depositions or other pretrial or trial testimony: (i) by a statement on the record, by counsel, during such deposition or other pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated as "Confidential" hereunder; or (ii) by written notice of such designation sent by counsel to all parties within thirty (30) days after the mailing to counsel of the transcript of the deposition or within thirty (30) days after the Court executes this Order, whichever date is later.

During a deposition, the deponent or his counsel, or any other counsel of record present at the deposition, may invoke the provisions of this Stipulated Protective Order in a timely manner, giving adequate warning to counsel for the party or nonparty that testimony about to be given is deemed "Confidential." The parties shall treat all deposition and other pretrial and trial testimony as "Confidential" hereunder until the expiration of thirty (30) days after the mailing to counsel of the transcript of the testimony or thirty (30) days after the Court executes this Order, whichever date is later. Unless so designated, any confidentiality is waived after the expiration of the relevant 30-day period unless otherwise stipulated or ordered, with the exception of inadvertent disclosure discussed infra. The Parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court. If any document or information designated as "Confidential" is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be sealed and stamped confidential, and access thereto shall be limited pursuant to the terms of this Stipulated Protective Order.

(c) With respect to any testimony elicited during any deposition, whenever counsel for any party deems that any question or line of questioning calls for or has resulted in disclosure of information that should be treated as "Confidential" and any person is in attendance at the deposition who is not a Party to whom disclosure of such information is permitted pursuant to this Order, and such person is not the witness being examined, such person shall be excluded from those portions of the proceeding during which disclosure of the information designated "Confidential" occurs.

4. Information or material designated as "Confidential," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) any authors or recipients of the Confidential Information, excluding any unauthorized recipients;

(b) parties to this Litigation;

(c) the parties' respective outside counsel of record in this action and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this Litigation;

(d) consultants as defined in Paragraph 5 herein and conditioned upon compliance with Paragraph 6 herein;

(e) the Judge, Jury and those employed by the Court, pursuant to Paragraph 8 herein;

(f) professional vendors, including, but not limited to, court reporters, videographers, document reproduction and imaging vendors, and their respective employees, to whom disclosure is reasonably necessary for this litigation and who have agreed to be bound by and comply with this Stipulated Protective Order;

(g) third party contractors, including their employees and agents, involved solely in one or more aspects of design services for preparation of demonstrative exhibits, organizing, filing, copying, coding, converting, sorting, translating, or retrieving data or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system, subject to and conditioned upon compliance with Paragraph 6 herein;

(h) non-technical jury or trial consulting services retained by counsel for a Party, subject to and conditioned upon compliance with Paragraph 6 herein;

(i) Any witness and his or her counsel in preparation for or at any deposition or trial in the Litigation, as set forth in Paragraph 7; and

(j) any other person only upon order of the Court or upon written consent of the Party or nonparty producing the confidential information or material.

5. For purposes of Paragraph 4(d) herein, a "consultant" shall be defined as a person who is retained or employed as a bona fide consultant or expert for purposes of this Litigation, whether full or part time, by or at the direction of counsel for a Party.

6. All persons listed in Paragraphs 4(d), 4(f), 4(g), 4(h), 4(i) and 4(j) above may be given access to information or material designated as "Confidential" only after they first confirm their understanding and agreement to abide by the terms of this Stipulated Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.

7. For purposes of Paragraph 4(i) herein, material designated as "Confidential" also may be shown to non-party witnesses and to their respective counsel during or in preparation of the depositions of such non-party witnesses, and may be marked as exhibits to those depositions, provided that all of the following conditions are satisfied:

(a) Material designated as "Confidential" shall not be attached to any copies of deposition transcripts provided to non-party witnesses (except witnesses, experts, and consultants authorized to receive such materials pursuant to this Order).

8. Any party or person filing with this Court material subject to this Order that has been designated as "Confidential," including pleadings, motions, briefs, discovery responses, transcripts or depositions, shall file and/or lodge those papers in compliance with the Federal Rules of Civil Procedure, including, but not limited to, Rules 26 and 29, and the Local Rules of

the United States District Court for the Southern District of Ohio or the United States Bankruptcy Court for the Southern District of Ohio, as applicable.

9. A Party may challenge the designation of information or materials produced herein as "Confidential" by serving a written objection upon the producing party. The producing party shall notify the challenging Party in writing of the bases for the asserted designation within ten (10) business days after receiving any written objection. Such parties shall confer in good faith as to the validity of the designation within five (5) business days after the challenging party has received the notice of the bases for the asserted designation. To the extent such parties are unable to reach an agreement as to the designation, the challenging Party may make an appropriate application to this Court, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Stipulated Protective Order or downgraded in terms of the degree of protection provided. Until a dispute over the asserted designation is finally resolved by the parties or the Court, all Parties and persons shall treat the information or materials in question as designated as "Confidential."

10. All "Confidential" information and material covered by this Stipulated Protective Order shall be kept in secure facilities.

11. All counsel for the Parties who have access to information or material designated as "Confidential" under this Stipulated Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

12. Entering into, agreeing to, and/or producing or receiving information or material designated as "Confidential" or otherwise complying with the terms of this Stipulated Protective Order shall not:

    (a) operate as an admission by any Party that any particular information or material designated as "Confidential" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of private or confidential information;

(b) operate as an admission by any Party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "Confidential";

(c) prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery;

(d) prejudice in any way the rights of the Parties to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Stipulated Protective Order;

(e) prejudice in any way the rights of the Parties to seek a determination by the Court whether any information or material should be subject to the terms of this Stipulated Protective Order;

(f) prejudice in any way the rights of the Parties to petition the Court for a further protective order relating to any purportedly confidential information; or

(g) prevent the Parties to this Stipulated Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

13. This Stipulated Protective Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a Party of documents, information or material designated as "Confidential" obtained lawfully by such Party independently of any proceedings in this action, or which:

(a) was already known to such Party by lawful means prior to acquisition from, or disclosure by, another Party in this action;

(b) is or becomes publicly known through no fault or act of such Party; or

(c) is rightfully received by such Party from a third party which has authority to provide such information or material and without restriction as to disclosure.

Nothing in this Order precludes a Party from requesting that another Party designate information in their possession as "Confidential" and be treated as "Confidential" as set forth in this Order.

14. In the event that information in the possession or control of a Party involves the confidentiality rights of a non-party or its disclosure would violate a protective order issued in another action, the Party with possession or control of the information will attempt to obtain the consent of the non-party to disclose the information under this Stipulated Protective Order. If the consent of the non-party cannot be obtained, the Party will notify the party seeking discovery of: (a) the existence of the information without producing such information and; (b) the identity of the non-party (provided, however, that such disclosure of the identity of the non-party does not violate any confidentiality obligations). The Party seeking discovery may then make further application to the non-party or seek other means to obtain such information.

15. If a Party inadvertently produces "Confidential" information without marking it as such, as soon as the receiving party becomes aware of the inadvertent production, the information must be treated as if it had been timely designated under this Stipulated Protective Order, and the receiving Party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraph 4 above, as well as any copies made by such persons and must discontinue any impermissible disclosure or use of the information.

16. All documents containing "Confidential" information that are submitted to the Court shall in accordance with this Stipulated Protective Order and the Local Civil Rule 79 be provisionally lodged with the Court Clerk in appropriately sealed containers with a cover sheet which includes the case caption, a descriptive title of the document that does not disclose information claimed to be "Confidential", unless such information is to be, or has been, included among the information ordered sealed; the date of any order or reference to any statute

permitting the item to be sealed; and a statement substantially in the following form: "PER STIPULATED PROTECTIVE ORDER - DOCUMENT SUBMITTED UNDER SEAL." The lodging Party shall also lodge with the Clerk and serve a proposed order sealing the document, and shall lodge with the Clerk for delivery to the Judge's chambers a second copy of the entire document, in an identical labeled envelope or container. It is agreed that a Party's respective filing of records under seal shall not be opposed by the other Party absent a good faith belief on the part of the party opposing the filing under seal that documents or records do not in fact contain confidential material. A copy of this Stipulated Protective Order shall be submitted with the lodged materials. Any decision not to oppose a filing of documents or other materials under seal shall not operate as an admission that the information requested to be filed under seal contains or reflects trade secrets, proprietary or commercially sensitive information, or any type of private or confidential information.

17. The Parties further agree that any Party may seal only a portion of a document if other parts of a document are not confidential.

18. The terms of this Stipulated Protective Order shall apply to all manner and means of discovery, including entry onto land or premises, and inspection of books, records, documents, and tangible things.

19. It is the present intention of the Parties that the provisions of this Stipulated Protective Order shall govern discovery and other pretrial and trial proceedings in this action. Nonetheless, each of the Parties shall be entitled to seek modification of this Stipulated Protective Order by application to the Court on notice to the other Parties hereto and to any nonparty which has disclosed information in reliance on this Stipulated Protective Order, for good cause.

20. The Parties agree to be bound by the terms of this Stipulated Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all Parties and affected nonparties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Stipulated Protective Order had been entered by the Court.

21. The provisions of this Stipulated Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom. Unless the court orders otherwise, within thirty (30) days after receiving notice of the entry of an order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons having received information or material designated as "Confidential" hereunder shall return such material and all copies thereof (including summaries and excerpts) to counsel for the producing party or, alternatively, shall destroy such material and provide written certification of such destruction to counsel for the producing party. Notwithstanding the foregoing, the undersigned counsel shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including court papers, transcripts, and attorney work product that contain information or material designated as "Confidential") provided that such counsel, and employees of such counsel, shall not disclose any such information and material designated as "Confidential" contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the producing party of the information or material. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

22. In the event that any information or material designated as "Confidential" hereunder is used in any court proceeding in this action or any appeal therefrom, such information or material shall not lose its status as "Confidential" through such use. Counsel for the Parties shall confer on such procedures as are reasonable and appropriate to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order.

23. If any Party: (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a Party, or (c) is served with any other legal process by one not a Party to this action, seeking information or material which was produced or designated as "Confidential" by someone other than that Party, the Party shall give prompt actual written

notice, by hand or facsimile transmission, within ten (10) days of receipt of such subpoena, demand or legal process, to those who produced or designated the information or material "Confidential" shall furnish the producing Party with a copy of said subpoena or other process or order, shall object to its production by setting forth the existence of this Stipulated Protective Order, and shall reasonably cooperate with respect to any procedure sought to be pursued by the Party whose interest may be affected. The producing Party asserting the confidential treatment shall have the burden of defending against such subpoena, process or order. Nothing herein shall be construed as requiring the party or anyone else covered by this Stipulated Protective Order to challenge or appeal any order requiring production of information or material covered by this Stipulated Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

      24.     Inadvertent Disclosures: Pursuant to Federal Rule of Evidence 502(b), a disclosure of any document or information does not operate as a waiver in a Federal or State proceeding of any attorney-client or work product protection if:

      (a)     the disclosure is inadvertent:

      (b)     the holder of the privilege or protection took reasonable steps to prevent disclosure; and

      (c)     the holder promptly took reasonable steps to rectify the error, including, if applicable, following Federal Rule of Civil Procedure 26(b)(5)(B).

Information Produced: Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), if information produced in discovery is subject to a claim of privilege or of protection as trial preparation material, the Party making the claim may notify any Party that received the information of the claim and the basis for it. The Parties agree that once a claim is made and notice is provided, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present

the information to the court under seal for a determination of the claim. The producing Party must preserve the information until the claim is resolved.

**IT IS SO ORDERED**.

s/Mark R. Abel  
United States Magistrate Judge

# AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, the undersigned, _____ (print or type name), hereby acknowledge that I have received a copy of the Stipulated Protective Order (the "Order") entered on April _____, 2009 in the matter entitled *Caudill, Trustee v. Burrows, et al.* pending in the United States District Court, Southern District of Ohio. My business/residence address is

_____

_____.

I hereby consent to personal jurisdiction over me by the Court for purposes of enforcing the Order. I hereby acknowledge that I have received a copy of the Order, have read and understand the Order, and agree to (1) be bound by all of the provisions thereof, (2) submit to the jurisdiction of the United States District Court, Southern District of Ohio for matters relating to this action, and (3) hereby appoint _____, (print or type name), at _____ (print or type address), as my Ohio agent for service of process in connection with this action.

I declare under penalty of perjury under the laws of the state of Ohio that the foregoing is true and correct, and that this Agreement was executed on the _____ day of _____, 200_, at _____.

_____